TEXTO COMPLETO DE LA SENTENCIA
El peticionario, Julio Maldonado Martínez, recurre de una resolución emitida por el Tribunal de Primera *1021 Instancia, Sala Superior de Guayama, mediante la cual declaró Sin Lugar su solicitud de dejar sin efecto una sentencia por el delito de tentativa de fuga. Espedimos el auto de certiorari y, en su consecuencia, dejamos sm efecto la aludida sentencia.
I
Contra el aquí peticionario se presentó denuncia en la que se le imputó haberse evadido del Hogar Crea de Cayey, mientras extinguía una sentencia por varios delitos graves. Este se encontraba en CREA en virtud de un traslado administrativo efectuado por la Administración de Corrección. En dicho lugar se suponía que terminara de cumplir sus sentencias.
Posteriormente, fue sentenciado a una pena de reclusión de dos (2) años, más uno (1) en reincidencia, por la comisión del delito de tentativa de fuga, a ser cumplida consecutivamente con cualquier otra sentencia que estuviera extinguiendo al momento de evadirse de CREA.
Así las cosas, en septiembre de 2000, el peticionario presentó moción al amparo de la Regla 192.1 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Allí solicitó se dejara sin efecto la sentencia por tentativa de fuga. Basó su razón de pedir en la ilegalidad de la misma por infringir el principio de legalidad. El Tribunal recurrido denegó su petitorio.
Insatisfecho con el anterior dictamen, se recurre ante nos.
II
Hemos tenido la oportunidad de expresamos con relación a la misma controversia; razón por la cual adoptamos nuestros pronunciamientos emitidos anteriormente. 
Maldonado Martínez fue sentenciado por infringir el Artículo 232 del Código Penal de Puerto Rico, en grado de tentativa.
Dicho artículo reza de la siguiente forma:

“Toda persona sometida legalmente a detención preventiva, sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo, conforme a un procedimiento especial de desvio bajo la Regla 247.1 de Procedimiento Criminal o el Artículo 401 (b) de la Ley Núm. 4 de 23 de junio de 1971, según enmendada, sometida legalmente a reclusión o a medida de seguridad de internación, que se fugare, sera sancionada, conforme a las siguientes penas.

(a) Si estuviere en detención preventiva, sera sancionada con pena de reclusion que no excederá de seis (6) meses.

(b) Si estuviere sometido a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo, conforme a un procedimiento especial de desvío bajo la Regla 247.1 de Procedimiento Criminal, y el delito imputado fuere grave, o el artículo 404(b) de la Ley Num. 4 de 23 de junio de 1971, según enmendada, será sancionada con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podra ser reducida hasta un mínimo de cuatro (4) años.

(c) Si estuviere sometida a tratamiento y rehabilitación en un programa del Estado Libre Asociado de Puerto Rico, o privado, supervisado y licenciado por una agencia del mismo, conforme a su procedimiento^ especial de desvío bajo la Regla 247.1 de Procedimiento Criminal, y el delito imputado fuere menos grave, será sancionado con pena de reclusión que no excederá de seis (6) meses.

*1022
(d) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito menos grave, será sancionado con pena de reclusión que no excederá de seis meses.

(e) Si estuviere cumpliendo sentencia firme o en trámite de apelación por un delito grave, será sancionado ■ con pena de reclusión por un término fijo de seis (6) años. De mediar circunstancias agravantes, la pena fija ' establecida podrá ser aumentada hasta un máximo de diez (10) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de cuatro (4) años.

Esta pena será en adición a la sentencia que se le impusiere por el otro delito a la que estuviere cumpliendo, según fuere el caso, disponiéndose que no será concurrente con ninguna otra."

En Pueblo v. Figueroa Garriga, _ D.P.R. _ (1996), 96 J.T.S. 31, opinión de 8 de marzo de 1996, el Tribunal Supremo consignó que el artículo 4 del Código Penal define la pena de reclusión diciendo que consiste en la privación de la libertad en la institución adecuada durante el tiempo señalado en la sentencia. Añadió que la "institución" a la que se refiere la citada disposición legal, es una institución carcelaria, o penal de la Administración de Corrección de Puerto Rico y no una de las localidades en las que opera y lleva a cabo su trabajo de rehabilitación el Centro Cristiano Jehova Nissi o los Hogares CREA. El Tribunal concluyó que la esencia del delito de fuga lo constituye la evasión o fuga por parte de la persona de la custodia legal a la cual estaba sometida, y en ese caso, el convicto no estaba bajo la custodia legal al momento de abandonar el vehículo en el cual estaba siendo transportado de la cárcel al Centro Cristiano Jehová Nissi por razón de habérsele concedido una sentencia suspendida. Posteriormente en Pueblo v. González Vega, _ D.P.R. _ (1999), 99 J.T.S. 27, opinión de 16 de marzo de 1999, el Tribunal Supremo indicó que el texto del artículo 232 del Código Penal vigente no justifica la interpretación de que la fuga de la custodia legal, más bien que la fuga de un sitio de confinamiento, es lo que constituye la esencia de tal delito. Añadió que presumiendo la corrección del uso del término "custodia legal" al hacer referencia al artículo 232, el injusto penal no ocurre con la evasión de custodia legal prevista específicamente en la descripción literal del tipo establecido en el artículo 232. Concluyo que el legislador no previo como un hecho penalmente antijurídico que una persona que se encuentra extinguiendo una condena sujeta a supervisión electrónica abandone una institución pública o privada en la que se encuentre recibiendo tratamiento para su rehabilitación. El legislador sólo previo, como conducta punible, la evasión de una institución pública o privada que ofrece tratamiento de rehabilitación, cuando el sujeto activo está sometido a los mecanismos de desvío bajo la Regla 272.1 de Procedimiento Criminal o el inciso (b) del artículo 404 de la Ley de Sustancias Controladas. En Pueblo v. Báez Ramos, _ D.P.R. _ (1999), 99 J.T.S. 153, opinión de 11 de octubre de 1999, el Tribunal Supremo indicó que por imperativo del principio de legalidad, solo si los hechos del caso satisfacen claramente algunas de las circunstancias enumeradas por el legislador en el artículo 232, procedería una acusación por el delito de fuga.
En el presente caso, el peticionario fue egresado de la cárcel e ingresado a una institución privada de rehabilitación para que concluyera su sentencia. Estando allí recluido, abandonó dicho centro de tratamiento. Este cuadro fáctico no está contemplado en el artículo 232. Así tampoco, el peticionario fue referido a la institución de rehabilitación en virtud de lo dispuesto en la Regla 247.1 de Procedimiento Criminal. Se trató aquí de un traslado administrativo a un centro de rehabilitación que realizó la Administración de Corrección y su abandono equivale a un incumplimiento con las condiciones del programa al cual fue referido, mas no una fuga. Aunque un Reglamento provea para ello, éste no puede contravenir una actuación legislativa recogida en ' una ley.
III
El principio de legalidad, cuyo axioma principal es "nullum crimen, nulla poena sine previae lege", está j regulado en el Artículo 8 del Código Penal, 33 L.P.R.A. §3031. Este dispone que no se instará acción penal : contra persona alguna por un hecho que no esté expresamente definido por la ley como delito. También ordena j dicho artículo que no se crearán, por analogía, delitos, penas o medidas de seguridad. Este principio exige.. i estatutos claros y precisos, para garantizar a los ciudadanos que solamente serán penalizados por hechos que la ] *1023 ley, de antemano, ha definido o establecido como delito. Pueblo v. Figueroa Garriga, supra, pág. 771.
Por lo tanto, es al Poder Legislativo a quien le corresponde determinar las penas. Sólo del Poder Legislativo puede emanar la ley, como expresión de la voluntad popular. No nos atañe al Poder Judicial, la tarea de crear delitos o penas que no estén reguladas específicamente por la ley. El Tribunal Supremo ha señalado, como axioma elemental, que la Asamblea Legislativa tiene la facultad exclusiva de tipificar los delitos e imponer castigos. Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562, 569 (1992). Por ende, en todo caso, le compete al Poder Legislativo hacer claro que el delito de fuga también queda constituido al escaparse la persona de instituciones como los Hogares CREA. Mientras tanto, el Tribunal Supremo ha definido lo que es una institución adecuada y el Hogar CREA no es parte de esa definición.
El Tribunal Supremo ha determinado que con la evasión de los imputados de la institución penal y con la concesión de un pase extendido o permanente, cesa su reclusión. Pueblo v. Báez Ramos, supra.
Por tanto, dado que el peticionario había sido egresado de una institucióon penal, cesó su reclusión, impidiendo, de esa manera, que se configurara el delito de fuga en su modalidad de tentativa.
IV
El Procurador General aduce que la situación de hechos de este caso es diferente a la que tuvo lugar en los casos de González Vega, supra, y Báez Ramos, supra. En su "Escrito en Cumplimiento de Orden", el Procurador General argumenta que estamos ante un traslado, por lo cual, aunque la custodia física varió a una institución diferente, la custodia legal permaneció en poder del Estado. Lo anterior en virtud de la facultad que tiene la Administración de Corrección para determinar la institución adecuada, sea pública o privada, donde habrá de ingresar o trasladar a su clientela.
No nos parece que esa tesis sea consistente con lo resuelto por el Tribunal Supremo reseñado anteriormente. Hemos establecido que según la definición adoptada jurisprudencialmente, el Hogar CREA no cumple con el requisito de ser una institución "adecuada". El Tribunal Supremo ha sido claro y explícito al efecto. Pueblo v. Figueroa Garriga, supra. Por ello, no nos compete variar a nuestro antojo la definición de "institución adecuada". En este caso, así como en los citados por el Procurador General, el individuo en cuestión había sido egresado de una institución carcelaria, por lo que la custodia legal del Estado en una "institución adecuada" había cesado.
Además, procede aclarar que la Administración de Corrección no tiene facultad para crear un delito por reglamentación. Pueblo v. González Vega, supra.
Sólo podemos interpretar los estatutos y no somos sus hacedores. Tampoco nos corresponde apartamos de las leyes, ni de los precedentes establecidos por el Tribunal Supremo de Puerto Rico. En ese sentido, nuestra preferencia particular es irrelevante.
Por los fundamentos que anteceden, expedimos el auto de certiorari solicitado, revocamos la resolución recurrida y, en su consecuencia, dejamos sin efecto la sentencia GFJ98G0010 por el artículo 232 rebajado a grado de tentativa.
Lo acordó el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General
ESCOLIO 2001 DTA 80
1. Véase el recurso alfanuméricamente identificado KLCE-99-01051, Pueblo v. Damián Flores Rodríguez, Circuito *1024 Regional de Caguas, Humacao, Guayama, Panel Sustituto II, Jueces Martínez Torres, Salas Soler, Pesante Martínez (Juez Ponente).